Society of Good Neighbors v. Commissioner.
Society of Good Neighbors v. Commissioner
Docket No. 44077.
United States Tax Court
T.C. Memo 1957-71; 1957 Tax Ct. Memo LEXIS 179; 16 T.C.M. (CCH) 306; T.C.M. (RIA) 57071; May 7, 1957
*179 Held, the petitioner was not a charitable organization exempt from tax during the taxable years. An earlier ruling of the Commissioner that petitioner was tax-exempt did not operate to exempt petitioner from tax for the taxable years, and the Commissioner had authority to determine tax deficiencies for the taxable years. Held, further, the deficiencies are not barred. Automobile Club of Michigan v. Commissioner, - U.S. - (April 22, 1957). Robert J. Fetterman, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: For the taxable years 1943-1947, inclusive, the Commissioner determined deficiencies in income tax, declared value excess profits tax, and excess profits tax, in the following amounts: Declared
Value Excess
Excess
Year
Income Tax
Profits Tax
Profits Tax
1943
$ 1,250.00
$ 1,075.10
$ 1,676.40
1944
2,600.00
4,692.72
17,833.73
1945
2,702.09
5,715.51
23,260.86
1946
10,953.47
none
none
1947
12,792.06
none
none
$30,297.62
$11,483.33
$42,770.99
The deficiencies result from the Commissioner's determination that the petitioner did not qualify for exemption from Federal income tax under the provisions of section 101(6), 1939 Code. The Commissioner has determined that the petitioner was not a corporation, fund, or foundation, organized and operated exclusively for religious, charitable, educational, or any of the other purposes specified in subsection (6) of section 101. The question for decision is whether *181 the deficiencies for all of the years except 1947 are barred by the statute of limitations. Findings of Fact The Society of Good Neighbors was organized under the laws of the State of Michigan as a non-profit corporation in February 1936. Petitioner was organized by Morrison T. Wade who was its president. The petitioner did not file corporation income tax and excess profits tax returns for the taxable years 1943-1947, inclusive. On the other hand, petitioner filed for each of the years involved, except 1947, Form 990, the information return of an organization claiming exemption from income tax under section 101 of the 1939 Code. In its articles of incorporation, the purposes of the petitioner corporation were stated to be, inter alia, as follows: To act as a clearing house or depository where the surplus necessities of life belonging to any individual, group, church, club, or organization, could be placed for emergency relief distribution; to organize, promote, raise, and manage or assist in the management of, or administer such funds as were going to be dedicated to any or all phases of human betterment; to promote "Good Neighborliness" and to make possible "Direct Charity. *182 " It was also provided that the corporation would be financed under a general plan which involved the acceptance of papers, rags, and such other donated articles as are of no practical value to the needy; to liquidate or salvage these articles for money; and to sponsor, organize, or promote boxing matches, wrestling matches, parties, dances, and such other means of raising monies as might be legal. Morrison T. Wade and his wife, Bessie, were arrested, brought to trial, and convicted of conspiring to defraud and for defrauding citizens of Detroit by making false and fraudulent representations that the Society of Good Neighbors was a charitable organization. The Wades were tried on September 15, 1951, and on October 23, 1951, Morrison T. Wade was sentenced to serve a term of from 4 to 10 years in the Jackson prison. Bessie was given a suspended sentence and was fined. On April 21, 1939, the respondent made a ruling that the Society of Good Neighbors was entitled to exemption from Federal income tax under the provisions of section 101(6) of the 1939 Code. This ruling was modified on November 25, 1949, when petitioner was notified by the Commissioner that it did not qualify for an exemption *183 from Federal income tax under section 101(6) for the last six months of 1942 and for subsequent years. On November 25, 1949, petitioner was notified by the Commissioner that it was required to file corporation income tax returns, Form 1120, for the period from July 1, 1942 through December 31, 1942, and for subsequent years. No returns, Form 1120, and no excess profits tax returns, were filed by petitioner for any of the years 1943-1947. The deficiency notice was mailed to petitioner on June 18, 1952. The petitioner corporation was not, during the taxable years 1943-1947, inclusive, an exempt charitable corporation under the provisions of section 101(6), 1939 Code. Opinion There was no appearance for the petitioner, or in its behalf, when this case was called for trial, and no brief has been filed. Therefore, there is now default in the matter of the amounts of petitioner's taxable income for the years 1943-1947, inclusive, as determined by the Commissioner. Petitioner did not present any evidence in opposition to the respondent's determinations of its liability for income tax, declared value excess profits tax, and excess profits tax for each of the taxable years. The question *184 presented by the pleadings is whether the deficiencies are barred by the statute of limitations for all of the years except 1947. The Commissioner's ruling on April 21, 1939, that petitioner was an exempt organization under section 101(6), 1939 Code, was based upon mistakes of law and of fact. During the years 1943-1947, petitioner was not a charitable organization exempt from tax under section 101(6). The Commissioner had authority, under law, to rescind his earlier ruling and to determine the deficiencies in taxes for the taxable years. Automobile Club of Michigan v. Commissioner, - U.S. - (April 22, 1957). With respect to the question whether the filing of information returns (Form 990) for the years 1943-1946, inclusive, constituted the filing of returns for the purpose of section 275(a), 1939 Code, it is held that they lacked the data necessary for the computation and assessment of deficiencies and were not tax returns as contemplated by section 275(a). , affd. ; and Automobile Club of Michigan v. Commissioner, supra. It follows that the filing of the information returns did not start the running of the *185 statutory period for assessment and collection of petitioner's taxes, and that since petitioner did not file the required returns, the deficiencies are not barred by the statute of limitations. Section 276(a). Respondent's determinations of deficiencies are sustained. Decision will be entered for the respondent.